IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL 2325

THIS DOCUMENT RELATES TO:

*Nielson et al v. American Medical Systems, Inc.*     Civil Action No. 2:13-cv-07551

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to File Under Seal, filed under seal by plaintiffs' counsel on January 11, 2018 [ECF No. 7]. As stated in the motion, plaintiffs' counsel request the attached Motion to Withdraw as Plaintiffs' Counsel [ECF No. 7-1] be considered and remain under seal through its adjudication as it contains potentially privileged information.

Read together, these documents represent two separate requests that remain provisionally under seal, which the court will construe as: (1) a Motion to Seal, and (2) a Motion to Withdraw as Counsel. There has been no response filed and the motions are now ripe for adjudication.

I.  **Motion to Seal**

In support of their motion seeking leave to file under seal, plaintiffs' counsel state that the justifications for seeking withdrawal may contain privileged

information. Plaintiffs' counsel neither elaborates further nor attaches a memorandum in support of filing under seal.

### A. Legal Standard

Under the local rules, a motion to seal must be accompanied by a memorandum of law filed pursuant to the Administrative Procedures for Electronic Case Filing that contains the following:

(A) the reasons why sealing is necessary, including the reasons why alternative to sealing, such as redaction, are inadequate;

(B) the requested duration of the proposed seal; and

(C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

S.D. W. Va. L.R. Civ. P. 26.4(c)(2). Public inspection of court documents "is necessary to allow interested parties to judge the court's work product in the cases assigned to it." *Id.* 26.4(c)(1). "The right of public access to documents filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

The common law right affords presumptive access to all judicial records and documents. *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Materials that fall within the common law right may be sealed only if competing interests outweigh the public's right of access.

The First Amendment right of access—when it applies[1]—offers even more protection to the public and can only be overcome "on the basis of a compelling

---

[1] This "more rigorous" First Amendment standard applies to "documents filed in connection with a

2

governmental interest, and only if the denial is narrowly tailored to serve that interest." *Virginia Dep't Police*, 386 F.3d at 575 (citing *Stone*, 855 F.2d 180); see also *Press-Enterprise Co. v. Sup. Ct. Cal.*, 464 U.S. 501, 510 (1984) (access may be denied if "closure is essential to preserve higher values").

As a result, the court may only seal documents when "exceptional circumstances" are present. S.D. W. Va. L.R. Civ. P. 26.4(c)(1).

### B. Analysis

The documents attached to the motion, cited by plaintiffs' counsel as justification for filing under seal, may indeed contain privileged information. Notwithstanding, plaintiffs' counsel fail to articulate any reasons why an alternative to sealing – such as omitting the privileged information necessitating filing under seal – is inadequate in this case. As such, the court cannot properly balance the interests or discern the presence of exceptional circumstances in this case. Sealing, therefore, is inappropriate.

## II. Motion to Withdraw

According to the attached motion to withdraw, Amy Collignon Gunn, and John G. Simon of The Simon Law Firm (collectively, "withdrawing counsel") seek leave to withdraw as counsel under Local Civil Rule 83.4. As justification for the withdrawal, withdrawing counsel state that an irreconcilable conflict exists between attorney and client, which – as represented in the motion – appears to derive entirely from the

---

summary judgment motion in a civil case." *Id.* at 576 (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)); see also *Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) ("We have squarely held that the First Amendment Right of Access attaches to materials filed in connection with summary judgment motion.").

plaintiffs' desire not to settle their case. According to the motion, the plaintiffs have affirmatively refused to consent to counsels' withdrawal. To date, the plaintiffs have not filed a response and no other attorney has entered an appearance of record.

The court does not find withdrawing counsels' appraisal of the plaintiffs' cause of action, and the subsequent disapproval by the plaintiffs, as adequate grounds for withdrawal. By agreeing to appear on behalf of the plaintiffs' interest in this case, withdrawing counsel accepted the ethical responsibility to pursue this matter diligently and through to its conclusion. Model Code of Prof'l Responsibility r. 1.3 (Am. Bar Ass'n 1980). Similar ethical considerations "confer[] upon the client the ultimate authority to determine the purposes to be served by legal representation." *Id.* at r. 1.2. This "ultimate authority" includes the client's sole right to enter into a settlement, should he or she find the agreement agreeable. *Id.* Attorneys, on the other hand, are obliged to consult with their clients and, more importantly, "*abide* by a client's decision." *Id.* (emphasis added). Fundamental disagreements with a client *permits* an attorney to withdraw from the representation in certain circumstances. However, the withdrawal of counsel here perverts the course of justice considering the settlement-related genesis of the purported breakdown in communication acknowledged above and given the absence of any persuasive argument that the failure to agree to a settlement recommendation is a sufficient basis to support a finding that irreconcilable differences exist between counsel and plaintiff.

Therefore, I find that withdrawing counsel have failed to demonstrate good cause as required to withdraw under Local Civil Rule 83.4.

4

### III. Conclusion

For the reasons stated above, it is **ORDERED** that the Motion to File Under Seal [ECF No. 7], which the court has construed as (1) a Motion to Seal, and (2) a Motion to Withdraw as Counsel, is **DENIED**. It is further **ORDERED** that plaintiffs' counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to lift the provisional seal on the documents associated with ECF No. 7. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    March 1, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE